IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MYRON BERNEY, ND, ) | Civ. No. 14-00469 LEK-BMK |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION TO |
| vs. ) | DISMISS THIS ACTION |
| ) | |
| CITY AND COUNTY OF ) | |
| HONOLULU, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION

On October 15, 2014, Plaintiff Myron Berney, ND, appearing pro se, filed this action against Defendant City and County of Honolulu and various DOE Defendants. (Doc 1.) The Court finds and recommends that this action be DISMISSED.

On October 18, 2014, the Court scheduled a Rule 16 Scheduling Conference in this matter for January 26, 2015 at 9:30 a.m. before Magistrate Judge Barry M. Kurren. (Doc. 5.) In the Amended Order setting the Rule 16 Scheduling Conference, Plaintiff was advised of his responsibilities under Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and under Local Rule 16.2 of the Rules of the United States District Court for the District Hawaii ("Local Rules"), including the requirement that the parties meet at least twenty-one days prior to the

Scheduling Conference and submit a report to the Court of such meeting, that the parties file a Scheduling Conference Statement, and that the parties attend the Scheduling Conference. (See Doc. 5.)

On October 31, 2014, Plaintiff filed a Motion to Continue Rule 16 Scheduling Conference (Doc. 7), which was granted by the Court on November 5, 2014. (Doc. 8.) The Rule 16 Scheduling Conference was ultimately scheduled for March 12, 2015 at 9:30 a.m. before Judge Kurren. (Doc. 11.) In the Order setting the Scheduling Conference for March 12, 2015, the Court noted that the parties' Rule 16 Scheduling Conference Statements would be due by March 5, 2015. (Id.) The Court further noted that it appeared Plaintiff had failed to serve Defendants as of January 23, 2015, and the Court therefore referred Plaintiff to FRCP Rule 4, which provides, in relevant part, that where a defendant is not served "within 120 days after the complaint is filed," the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specific time." The Court further warned Plaintiff that "[t]he failure to effect service in accordance with these rules may subject Plaintiff to sanctions, including dismissal of this case." (Id.)

On March 12, 2015, the Court was prepared to hold a Rule 16 Scheduling Conference at 9:30 a.m. as scheduled; however, Plaintiff did not appear

and did not make arrangements to participate in the Conference by phone. (Doc. 12.) Plaintiff also failed to file a Scheduling Conference Statement as required by Local Rule 16.2(b). (<u>See</u> Doc. 5.) Accordingly, the Court issued an Order to Show Cause. (Docs. 13.)

The Order to Show Cause was set for hearing on April 22, 2015 at 10:00 a.m. before this Court. (Doc. 12.) The Court ordered Plaintiff to appear at the hearing "to show good cause, if any, why sanctions, including dismissal of this case, should not be imposed for failing to (1) appear at the Rule 16 Scheduling Conference, (2) file a Scheduling Conference Statement, and (3) serve Defendants by the February 12, 2015 deadline." (Doc. 13 at 3.)

On April 22, 2015, the Court held the Order to Show Cause hearing, as scheduled. (Doc. 14.) At the hearing, Plaintiff acknowledged that he is not prepared to pursue this case, and agreed that the Court should dismiss this case. Additionally, Plaintiff has failed to timely serve Defendants. Indeed, as of this date, it appears that Defendants remain unserved although over 120 days have passed since Plaintiff filed his Complaint. Plaintiff has also failed to comply with any of the FRCP Rule 16 requirements.

Thus, the Court finds Plaintiff has failed to show good cause why this case should not be dismissed for failure to (1) appear at the Rule 16 Scheduling

Conference, (2) file a Scheduling Conference Statement, and (3) serve Defendants by the February 12, 2015 deadline.  Moreover, Plaintiff states that he is unable to pursue this case, and agrees that dismissal is warranted.

      The Court therefore FINDS and RECOMMENDS that this action be dismissed.

      DATED:  Honolulu, Hawaii, April 28, 2015.

      IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge